IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARCUS TAYLOR,

    Plaintiff,

  v.

UNITED STATES PATENT AND
TRADEMARK OFFICE,

    Defendant.
_____/

No. C 12-03851 WHA

**AMENDED ORDER GRANTING
MOTION TO DISMISS
AND VACATING HEARING**

### INTRODUCTION

In this civil action, defendant seeks to dismiss *pro se* plaintiff's complaint. For the following reasons, defendant's motion to dismiss is **GRANTED**.

### BACKGROUND

Plaintiff Marcus Taylor submitted a disclosure document to defendant United States Patent and Trademark Office in 1993 that described an invention called a heliatomic generator. A disclosure document was a document filed by an inventor with the USPTO that described the invention with the purpose of providing proof of conception date. If two years had passed without a patent application being filed, then the document was destroyed. The disclosure document program was discontinued in 2007 in favor of the provisional patent application system. Plaintiff did not file a patent application for the heliatomic generator until 2006. Plaintiff's application was published in 2008 but was ultimately denied in 2009. The denial

was based on several determinations made by the USPTO examiner. Additionally, the examiner listed five other patents that the examiner believed rendered plaintiff's application obvious. One such patent was issued to Paul Baskis. Plaintiff alleges that the Baskis patent was similar to plaintiff's heliatomic generator. Based on these similarities, plaintiff alleges that the USPTO was involved in a conspiracy to deprive him of his invention. Plaintiff alleges that the USPTO failed to destroy his 1993 disclosure document and instead leaked the disclosure document to Baskis. Plaintiff further alleges that Baskis then obtained a patent in 1998 on an invention that was rightfully plaintiff's. Plaintiff brought his claims administratively to the USPTO. After conducting an investigation, the USPTO denied plaintiff's claim and advised plaintiff he had six months to file a claim for relief with the district court.

**ANALYSIS**

Plaintiff asserts four claims for relief against the USPTO including violation of the Economic Espionage Act, criminal mail fraud, Fourteenth Amendment deprivation of due process and civil RICO. For the reasons stated below, all four of plaintiff's claims are dismissed.

### 1. FIRST CLAIM.

Plaintiff's first claim for relief alleges the USPTO violated the Economic Espionage Act. The EEA is a criminal statute and generally only the United States government may bring criminal charges against a defendant for a violation of a criminal statute. There is no court of appeals decision on point but this order will follow the holding in *Masoud v. Suliman*, 816 F. Supp. 2d 77, 80 (D.D.C. 2011). This decision found that the EEA is a criminal statute and does not afford a private right of action to any civil plaintiff. Therefore, plaintiff has failed to state a claim upon which relief may be granted. Accordingly, plaintiff's first claim is dismissed.

### 2. SECOND CLAIM.

Plaintiff's second claim for relief makes reference to the wire fraud and the honest services fraud statutes. Our court of appeals has not issued a binding decision on point, therefore, this order will follow persuasive authority from this district. Although it is unclear

whether plaintiff is bringing a claim for relief under either of these statutes, neither statute confers a private right of action. *Cobb v. Consunju*, 2011 WL 4506811, *4 (N.D. Cal. Sept. 27, 2011) (Ryu, M.J.) (holding no private right of action for wire fraud); *Estate of Mohammed ex rel. Wideman v. City of Morgan Hill*, 2012 WL 2150309, *6 (N.D. Cal. June 12, 2012) (Davila, J.) (holding no private right of action for honest services fraud). Accordingly, claim two is dismissed as to plaintiff's wire and honest services fraud allegations.

Plaintiff's second claim also alleges that the USPTO violated 42 U.S.C. 1983 by denying him due process of law. The USPTO cannot be subject to suit under 42 U.S.C. 1983 because it is not a state actor. Although not pled by plaintiff, the federal equivalent to 42 U.S.C. 1983 would be a *Bivens* action. Plaintiff, however, cannot bring a *Bivens* action against the USPTO as it is a federal agency and not an individual. *F.D.I.C.* v. *Meyer*, 510 U.S. 471, 478 (1994). In his opposition, plaintiff contends that pursuant to the Federal Tort Claims Act the federal government has consented to waive sovereign immunity. Plaintiff's complaint does not indicate that he is bringing any claim pursuant to the FTCA. Even if plaintiff had brought his second claim under the FTCA, the USPTO is nonetheless immune from such a claim. A plaintiff may not bring suit under the FTCA by alleging that the underlying tort is a violation of the Fourteenth Amendment. "[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims." *Ibid.* Accordingly, plaintiff's second claim is dismissed.

### 3. THIRD CLAIM.

Plaintiff's third claim for relief cites 18 U.S.C. 1341 and alleges the USPTO violated the criminal mail fraud statue. The criminal mail fraud statute, like the EEA, is a criminal statute and does not afford a private right of action. *Wilcox v. First Interstate Bank of Oregon, N.A.*, 815 F.2d 522, 533 n. 1 (9th Cir. 1987) ("Other than in the context for RICO, appellate courts hold that there is no private right of action for mail fraud under 18 U.S.C. § 1341"). As a result, plaintiff has failed to state a claim for which relief can be granted. Accordingly, plaintiff's third claim is dismissed.

3

### 4. **FOURTH CLAIM.**

Plaintiff's fourth claim alleges that the USPTO violated civil RICO. Civil RICO is a general statute that does not mention, much less waive, sovereign immunity. *Taxpayers of United States v. Bush*, 2004 WL 3030076 (N.D. Cal. Dec. 30, 2004) (Illston, J.); *see also Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir.1991) ("[I]t is clear that there can be no RICO claim against the federal government"). Accordingly, plaintiff"s fourth claim is dismissed.

### CONCLUSION

For the above-stated reasons, the USPTO's motion to dismiss is **GRANTED**. The hearing scheduled for November 29, 2012, is **VACATED**.

Plaintiff may seek leave to amend and will have **21 CALENDAR DAYS** from the date of this order to file a motion, notice on the normal 35-day track, for leave to file an amended complaint in order to further develop his claims. A proposed amended complaint must be appended to the motion and plaintiff must plead his best case. The motion should clearly explain how the amendments to the complaint state a claim for relief.

**IT IS SO ORDERED.**

Dated: November 20, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

4