**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TAYLOR, MARCUS RAY,

    Plaintiff,

v.

UNITED STATES PATENT AND
TRADEMARK OFFICE,

    Defendant.
                            /

No. C 12-03851 WHA

**ORDER DENYING
PLAINTIFF'S MOTION
TO AMEND COMPLAINT**

### INTRODUCTION

Following an order of dismissal, *pro se* plaintiff filed this motion for leave to amend his complaint. This order finds that the amendment would be futile even assuming plaintiff's allegations are true. Plaintiff's motion is **DENIED**.

### STATEMENT

Plaintiff Marcus Taylor alleges that he submitted a disclosure document to defendant United States Patent and Trademark Office in 1993 that described an invention called a heliatomic generator. The disclosure document allegedly described an invention and provided proof of a conception date. After two years without a patent application being filed, the disclosure document was supposed to have been destroyed under PTO regulations. Plaintiff did not file a patent application for the heliatomic generator until 2006, thereby opening a new file. Plaintiff's application was published in 2008 but was ultimately denied in 2009.

The grounds for denial included obviousness based on a prior patent issued to Paul Baskis. Based on similarities between plaintiff's disclosure document and Baskis' patent, plaintiff alleges that the USPTO was involved in a conspiracy to deprive him of his invention. Plaintiff alleges that the USPTO failed to destroy his 1993 disclosure document and instead leaked it to Baskis. Plaintiff further alleges that Baskis then patented plaintiff's invention in 1998.

Plaintiff complained administratively to the USPTO. After conducting an investigation, the USPTO denied plaintiff's grievance and advised plaintiff he had six months to seek review in the district court. Plaintiff filed the present action in late 2012. Defendant moved to dismiss the complaint, and dismissal was granted. The dismissal order gave plaintiff leave to amend and stated that the proposed amended complaint must state plaintiff's best case. Plaintiff filed the instant motion and appended a proposed complaint reciting one claim for civil fraud (Proposed Compl. 12).

**ANALYSIS**

**1. THE UNITED STATES HAS NOT WAIVED SOVEREIGN IMMUNITY FOR FRAUD CLAIMS.**

Under Rule 15, leave to amend should be given when justice so requires. The underlying purpose of Rule 15 is to facilitate decisions on the merits, rather than on the pleadings or technicalities. *United States v. Webb,* 655 F.2d 977, 979 (9th Cir. 1981). A principal limiting factor to the liberal amendment standard is that "[l]eave to amend need not be granted when an amendment would be futile." *In re Vantive Corp. Sec. Litig.,* 283 F.3d 1079, 1097 (9th Cir. 2002). Defendant challenges plaintiff's motion on the ground that amendment would be futile. This order agrees.

The immediate issue is whether the United States has waived sovereign immunity for plaintiff's claim of fraud. The Federal Tort Claims Act does not waive sovereign immunity for "claims arising out of . . . misrepresentation [or] deceit." 28 U.S.C. 2680(h). There is controlling authority from our court of appeals that "claims against the United States for fraud or misrepresentation by a federal officer are absolutely barred by 28 U.S.C. 2680(h)." *Owyhee Grazing Ass'n, Inc. v. Field*, 637 F.2d 694, 697 (9th Cir. 1981). Accordingly, the

United States has not waived immunity, and plaintiff's motion to amend is futile.  This is dispositive.

### 2. THE NORTHERN DISTRICT OF CALIFORNIA DOES NOT HAVE JURISDICTION.

An independent reason to deny the leave to amend is the District Court for the Northern District of California does not have jurisdiction over the plaintiff's claim.  Patent applicants dissatisfied with a decision regarding their applications from the USPTO may appeal to the District Court for the Eastern District for Virginia or to the United States Court of Appeals for the Federal Circuit.  35 U.S.C. 134; 141; 145.  Our court of appeals has stated that "a district court is powerless to grant a patent." *Aetna Steel Products Corp. v. Sw. Products Co.*, 282 F.2d 323, 334 (9th Cir. 1960).  Insofar that plaintiff seeks to have his patent application granted, this court is not the appropriate venue.

### CONCLUSION

Plaintiff's motion for leave to amend is **DENIED**.  Judgment will be entered for defendant. Plaintiff's next step should be to notice and perfect and appeal to the court of appeals.

**IT IS SO ORDERED.**

Dated: January 22, 2013.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE